Dennis F. Moss (SBN 77512)
dennisfmoss@yahoo.com
**Attorney at Law**
15300 Ventura Boulevard, Suite 207
Sherman Oaks, CA 91403
Tel.: (310) 773-0323; Facsimile (310) 861-0389

Ira Spiro (SBN 67641)
ira@spiromoore.com
**SPIRO MOORE LLP**
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, California 90064-1683
Telephone: (310) 235-2468; Facsimile: (310) 235-2456

Joseph Lavi, Esq. (State Bar No. 243190)
jlavi@lelawfirm.com
Jordan D. Bello, Esq. (State Bar No. 243190)
jbello@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, CA 90211
Tel. (310) 432-0000; Fax (310) 432-0001

Attorneys for Plaintiff Violeta G. Aguilar

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIOLETA G. AGUILAR, individually and on behalf of other persons similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>PLS FINANCIAL SERVICES, INC.; PLS CHECK CASHERS OF CALIFORNIA, INC.; PAYDAY LOAN STORE OF CALIFORNIA, INC.; AND DOES 1 THROUGH 10,<br><br>　　　　　Defendants. | Case No. **CV 10-0415 ODW (FMOx)**<br><br>FLSA COLLECTIVE ACTION AND CALIFORNIA CLASS ACTION<br><br>**JUDGMENT**<br><br>Date:　August 21, 2012<br>Time:　1:30 p.m.<br>Crtrm:　11<br>Judge:　Hon. Otis D. Wright |

**ORDER**

1

This matter came on for hearing upon the Court's Order of March 15, 2012 following Plaintiffs' motion for preliminary approval of the settlement in this action ("Preliminary Approval Order"). Due and adequate notice having been given to the Settlement Class (as defined below), and the Court having considered all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in the above captioned matter, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of the above-captioned matter, the Class Representative, as defined below, Defendants PLS Financial Services, Inc.; PLS Check Cashiers of California, Inc.; and Payday Loan Store of California, Inc. ("Defendants") and all members of the settlement classes, which consist of "all hourly paid employees employed by the PLS Check Cashers of California, Inc. and Payday Loan Store of California, Inc. in California who were paid "bonuses" and overtime pay during the period January 20, 2006 through the date that Notice is mailed to the Class" and all hourly paid employees employed by PLS Check Cashers of California, Inc. and Payday Loan Store of California, Inc. in the United States who were paid "bonuses" and overtime during the period February 22, 2007 through the date Notice is mailed to the Class." (collectively "Settlement Class" or "Settlement Class Members").

2. The term Settlement Agreement shall refer to the Class Action Settlement Agreement and Stipulation filed by the Class Representative in this case in connection with their application for preliminary approval of this matter, and all terms herein shall have the same meaning as terms defined in the Settlement Agreement, unless specifically provided herein.

3. The Court grants final approval of the parties' Settlement Agreement.

4. The Court finds that the distribution by first-class mail of the Class Notice constituted the best notice practicable under the circumstances to all persons

within the definition of the Settlement Class and fully met the requirements of due process under the United States Constitution and applicable state law. Based on evidence and other material submitted in conjunction with the Final Settlement Approval Hearing, the actual notice to the Settlement Class was adequate. These papers informed class members of the terms of the Settlement, their right to claim a share of the settlement proceeds, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Final Settlement Approval Hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. Zero Settlement Class Members objected to the Settlement Agreement and zero individuals opted out of the Settlement.

5. The Court approves the settlement of the above-captioned action, and each of the releases and other terms set forth in the Settlement Agreement, as fair, just, reasonable and adequate as to the Settlement Class, the Class Representative, and Amtrak (collectively "Settling Parties"). The Settling Parties and the Settlement Administrator are directed to perform in accordance with the terms set forth in the Settlement Agreement.

6. Except as to the zero persons who have validly and timely requested exclusion from the Class, all of the claims asserted in the above-captioned matter are dismissed with prejudice as to the Class Representative and the Settlement Class Members. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Stipulation.

7. By this Judgment, the Class Representative, and each Settlement Class Member who has not validly and timely requested exclusion from the Settlement by opting out, shall be deemed to have, as of the date of entry of this final order and judgment, pursuant to this shall be deemed to have fully, finally, and forever released, settled, compromised, relinquished and discharged any and all of the Released Parties of and from any and all claims, causes of action, damages, wages, benefits, expenses,

penalties, debts, liabilities, demands, obligations, attorneys' fees, costs, and any other form of relief or remedy in law, equity, or whatever kind or nature, whether known or unknown, suspected or unsuspected, arising from (1) the Action and any Claims arising out of or are reasonably related to the facts alleged in the Action, including claims related to the facts alleged in the Action under the California Labor Code §§ 201, 202, 203, 226, 510, 1194, Industrial Welfare Commission Wage Orders and the Fair Labor Standards Act, the California Business and Professions Code §§17200, claims for restitution and other equitable relief, liquidated damages, punitive damages, waiting time penalties, penalties of any nature whatsoever, other compensation or benefits and (2) any wage and hour violations, whether premised on statute, contract, tort or other theory of liability under state, federal or local law, arising out of or reasonably statements, acts, or omissions in law or in equity, asserted or that could have been reasonably asserted from the facts alleged in the Action by any Class Member against the Releasees between January 20, 2006 through June 21, 2012 (the "Settled Claims"). The release by Named Plaintiff and all Plaintiff Class Members will also include a waiver of any rights they otherwise may have under California Civil Code Section 1542 regarding unknown and unsuspected claims relating to the Settled Claims as identified in the Settlement Agreement.

8. In addition, the Class Representative agrees to release the Released Parties from any and all claims, obligations, causes of action, actions, demands, rights, and liabilities of every kind, nature and description, whether known or unknown, whether anticipated or unanticipated, arising on or before the date the Settlement was executed with the exception of any claims which cannot be released as a matter of law. ("Class Representatives' Released Claims").

9. The action is dismissed on the merits and with prejudice, permanently barring the Class Representative and all other Settlement Class Members (other than those who timely exclude themselves from the settlement) from prosecuting any of

the Released Claims, or the Class Representative from prosecuting any of the Released Claims or Class Representative's Released Claims.

10. The Court finds that the plan of allocation set forth in the Settlement Agreement is fair and reasonable and that distribution of the Settlement Fund to Claimants shall be done in accordance with the terms outlined in the Class Notice and Settlement Agreement.

11. The Court hereby orders the appointment of Violeta G. Aguilar as Class Representative for the Settlement Class.

12. The Court hereby orders the appointment of Dennis F. Moss; Ira Spiro of Spiro Moore LLP; and Joseph Lavi of Lavi & Ebrahimian LLP as Class Counsel for the Settlement Class for purposes of Settlement and the releases and other obligations therein.

13. Defendants have agreed to pay from the Gross Settlement Amount: (i) Class Counsel their reasonable attorneys' fees in this matter as well as certain allowable costs in this matter; (ii) the Settlement Administrator its reasonable fees for its services; (iii) an enhancement to the Class Representative to reimburse her for her unique services; (iv) Claimants who filed valid claims; and (v) any payroll taxes, including the employer's portion of such payroll taxes. The Court finds that these payments are fair and reasonable. Accordingly, the Court hereby awards to Class Counsel for attorneys' fees $57,750 and for costs $2,211. The Court also hereby approves the payment of settlement administration costs in the amount of $8,000 to Simpluris, Inc., the Settlement Administrator for services rendered in this matter.

14. The enhancement award to the Class Representatives in the amount of $4,500 is approved to reimburse the Class Representative for her services in initiating, maintaining, and assisting counsel in this litigation.

15. The Settlement Administrator is directed to make the foregoing payments to Claimants who filed valid claims, Class Counsel, the Settlement Administrator, and the Class Representative in accordance with the terms of the

Settlement Agreement. Defendants shall not be required to make any additional payments in connection with the Settlement, other than the payment of its share of payroll taxes as provided for in the Settlement Agreement.

16. This matter is hereby dismissed with prejudice. The Court reserves and retains exclusive and continuing jurisdiction over the above captioned matter, the Class Representative, the Settlement Class, and Defendants for the purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

17. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: August 8, 2012  _____
Hon. Otis D. Wright, II
United States District Judge